PATIENTS: RONALD BUSH, DOROTHY CHASE, ROBERT HYDE, EDWARD MC DONOUGH, HARRIET ROBISON, LAWRENCE SCHEFFER, SAMUEL WILDER AND MARLENE WYNN, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS, v. ARNOLD M. KALLEN, M. D., INDIVIDUALLY AND AS SUPERINTENDENT AND MEDICAL DIRECTOR, ESSEX COUNTY HOSPITAL CENTER, AND THE ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 20, 1973—Decided March 23, 1973.

Before Judges COLLESTER, LEONARD and HALPERN.

*Mr. Benjamin S. Laves,* Essex County Legal Services Corp., attorney for appellants; *Mr. Barry Benefield,* Newark-Essex Joint Law Reform Project, attorney for appellants.

*Mr. Francis Patrick McQuade,* Essex County Counsel, attorney for respondent (*Mr. Joseph C. Glavin, Jr.,* of counsel).

Per Curiam. Plaintiffs, eight patients at the Essex County Hospital Center, appeal from a judgment dismissing their complaint wherein they sought to compel defendants to permit their counsel to inspect and copy their medical records.

Plaintiffs, except for Wilder, who is temporarily committed, are involuntarily committed to the Center by final judicial orders. The Center is a mental hospital and defendant Arnold M. Kallen, M. D. is its superintendent and chief executive officer. Plaintiffs Bush, Chase, Hyde, Robison and Scheffer gave written authorization to their counsel or his authorized representative to inspect and copy their medical records in connection with legal problems related to their present commitment and the care they were receiving. Such representatives were prevented from so doing by Kallen. Likewise, he prohibited them from visiting the other three plaintiffs in order to obtain their signatures to the necessary authorizations. Kallen stated that these records were confidential and that he would not permit inspection and copying of these records by counsel unless the Essex County Counsel authorized the release thereof and he (Kallen) personally determined that each patient was mentally competent to sign the necessary authorization.

N. J. S. A. 30:4-24.3 which mandates that the records of a patient in an institution such as the one here involved "shall be kept confidential and shall not be disclosed by any person," by its very terms creates exceptions, one being when the patient himself consents to such disclosure. Further, the statute also provides that the provision for confidentiality shall not preclude disclosure,

upon proper inquiry, of information as to a patient's current medical condition to any relative or friend or to the patient's personal physician or attorney if it appears that the information is to be used directly or indirectly for the benefit of the patient.

Kallen's position that he can delay compliance with the above statute until he determines that the patient was

178

mentally competent to sign the authorization is in violation of the rights of the patients as provided in *N. J. S. A.* 30: 4–24.2. A subsection thereof provides that "[F]or the purpose of a patient's exercising his civil rights there shall be no presumption of his incompetency or unsoundness of mind merely becaue of his admission to a mental hospital."

■ Upon the record, it appears that the information sought "is to be used directly or indirectly for the benefit of the patient." Under all these circumstances, we conclude that the representatives of plaintiffs' attorney are entitled to inspect and copy the complete medical records of all plaintiffs who have signed or who hereafter sign the necessary authorizations. Thus, this portion of the judgment entered by the trial court is reversed.

■ However, we agree with the trial judge's determination that a class action is not here appropriate and, thus, we affirm his denial of plaintiffs' motion to be allowed to so proceed.

Reversed in part, affirmed in part and remanded to the trial court for the entry of a judgment in accordance herewith.